**Affirmed as modified and Memorandum Opinion filed July 20, 2023.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-22-00548-CR

_____

**JERRY WAYNE GREER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1603667**

## MEMORANDUM OPINION

Appellant Jerry Wayne Greer appeals his conviction for murder. *See* Tex. Pen. Code Ann. § 19.02. Appellant's appointed counsel filed a brief in which he concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced. *See High v. State*, 573 S.W.2d 807, 811–13 (Tex. Crim. App. 1978).

A copy of counsel's brief was delivered to appellant. Appellant was advised of the right to examine the appellate record and file a pro se response. *See Stafford v. State*, 813 S.W.2d 503, 512 (Tex. Crim. App. 1991). As of this date, more than 60 days have passed and no pro se brief has been filed.

There are two minor issues regarding court costs that this court has noted in its own review of the record, though they do not otherwise warrant reversing appellant's conviction or otherwise modifying his sentence, nor do they require the assistance of counsel to resolve. *See Robison v. State*, Nos. 14-19-00957-CR & 14-19-00982-CR, 2020 WL 5198338, at *1 (Tex. App.—Houston [14th Dist.] Sept. 1, 2020, no pet.) (citing *Ferguson v. State*, 435 S.W.3d 291, 295 (Tex. App.—Waco 2014, no pet.) (acknowledging that courts are "not required to abate [an *Anders*] appeal for appointment of new counsel if the judgment may be modified"). Appellant's sentence included being assessed $290.00 in consolidated court costs, reflecting $185.00 in costs payable to the state comptroller, *see* Tex. Loc. Gov't Code Ann. § 133.102(a)(1), and $105.00 payable to local government, *see id.* § 134.101(a). The underlying statutes only support those costs for offenses committed on or after January 1, 2020. *Id.* § 133.102(c) (effective Jan. 1, 2020); *Authorlee v. State*, No. 14-20-00821-CR, 2022 WL 220267, at *4 (Tex. App.—Houston [14th Dist.] Jan. 25, 2022, pet. ref'd). The evidence presented in the trial court was unequivocal that appellant's offense was committed in 2018. Accordingly, as the applicable statute for state-payable costs only would make appellant liable for $133.00 in costs, while no statute applies to make appellant liable for local-payable costs for offenses committed in 2018, we will modify the judgment and its accompanying bill of cost to reflect appellant is liable for only $133.00 in court costs payable to the state comptroller.

We have carefully reviewed the record and counsel's brief and agree the appeal is otherwise wholly frivolous and without merit. Further, we find no reversible error in the record. We are not to address the merits of each claim raised in an *Anders* brief or a pro se response when we have determined there are no arguable grounds for review. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

One more issue remains. Appellant filed a letter with this court requesting that he have new appellate counsel appointed if his current appellate counsel is permitted to withdraw. However, as we have concluded that this appeal is wholly frivolous aside from the court-cost issues discussed above, appellant is not entitled to new counsel to prosecute his frivolous appeal. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988) (noting that courts may "proceed to consider [an] appeal on the merits without the assistance of counsel" when they determine there is "no nonfrivolous issue for appeal").

The judgment of the trial court is affirmed as modified.

PER CURIAM

Panel consists of Justices Jewell, Hassan, and Wilson.
Do Not Publish — Tex. R. App. P. 47.2(b).